Hon. Andrew R. Stoller Deputy Town Attorney, Ramapo
You have asked whether Article 5 of the Town Law is the sole source of authority for the division of a town into two towns. The question arises because section 81 (1)(f) of Article 6 of the Town Law implies that there is a second method of dividing a town. We think that Article 5 governs and that paragraph (f) of section 81 (1) is an obsolete provision of no significance.
Prior to the 1950 revision of the County Law, the authorization for dividing a town was contained in section 35 of that law. The section in general permitted a board of supervisors to divide a town by a two-thirds vote. In 1939, the section was amended to provide an exception in the case of a county in which all towns were towns of the first class (L 1939, ch 781 [the county was Westchester, Town Law, § 10]). The exception was a requirement for approval of the division by referendum of the voters of the town that would be affected by the division. A companion law enacted at the same time, chapter 780, added paragraph (f) to subdivision 1 of section 81 of the Town Law. (See the Association of Town's Memorandum to the Governor dated June 1, 1939.) This was a shorthand way of providing the machinery for the referendum that was required by the amended section 35. The new paragraph was effective only in Westchester County, the only county affected by the amendment of section 35.
The County Law was revised in 1950 (ch 691). As part of the revision, the former sections 35, 35-a, 35-b and 36 were omitted and by a separate act (ch 778), sections 73 and 74 were added to the Town Law. The commission that recodified the County Law noted that the transfer was made "since many provisions on the subject matter are already found in Article 5 of the Town Law" (note to ch 778, L 1950). In transferring the provision containing the power of the county legislature to determine whether a town should be divided, the commission extended the Westchester County local veto power to all counties (Town Law, § 73 [5]). Moreover, the commission made the veto power subject to a mandatory referendum rather than the permissive referendum previously afforded towns in Westchester County through paragraph (f) of section 81 (1) of the Town Law (ibid.).
Prior to 1939, a county board of supervisors had the final say over the division of a town. From 1939 to 1950, a county board still had the final say except in Westchester County where the voters of a town to be divided could defeat the division. Today a county legislative body has the initial say over whether a town is to be divided but the voters of the town have the final say if the initial determination is to divide. (Strictly speaking, a specified number of electors has always had the "initial" say because the county legislative body could and can act only upon petition to divide a town.) Thus, at all times the division of a town has been a county responsibility either in whole or in part and at all times has been possible only if the county legislative body approved the division.
Under these circumstances, we see no basis for reading paragraph (f) of section 81 as an independent transfer to the voters of a town of the full power to divide a town, thus excluding the county from any voice in the matter. We think that the commission revising the County Law in 1950 simply overlooked repealing paragraph (f). For one thing, as explained above, the paragraph had a limited purpose when it was enacted and at the time of recodification. For another thing, as noted above, the commission was transferring statutory provisions from one law to another; the commission was not proposing to transfer power from the county to the towns in the county.
We conclude that paragraph (f) of section 81 is obsolete and that the only way that a town may be divided is under the procedure set forth in section 73 of the Town Law.